■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RALPH MIGNONE, Appellant.— In a *coram nobis* proceeding, defendant appeals from an order of the County Court, Nassau County, entered September 10, 1964, which denied without a hearing his application to vacate a judgment of said court, rendered December 13, 1962 on his plea of guilty, convicting him of robbery in the first degree and of escaping from custody as a felony, and imposing sentence upon him as a second felony offender. On June 24, 1964, the court vacated the sentence for escaping from custody, and resentenced the defendant *nunc pro tunc* as of the original date of sentencing. Order reversed on the law and the facts, and application remitted to the County Court, Nassau County, for a hearing and for further proceedings not inconsistent herewith. Defendant alleges in effect: (a) that at the time of his arraignment, plea and sentence he was in a state of stupefaction by reason of the administration of drugs which had been prescribed for him by the jail physician while confined in the Nassau County Jail; and (b) that by reason thereof he was *non compos mentis* and incapable of understanding the proceedings. Under the circumstances here, a hearing is required to determine the truth of defendant's allegations. Testimony should be received from the jail physician who prescribed the drugs; from the persons who administered the drugs to the defendant, and from any persons having knowledge of the defendant's mental and physical condition at the time of his arraignment, plea and sentence. The jail and hospital records relating to defendant should be produced. The court's determination should be made on the basis of all the proof adduced. Ughetta, Acting P. J., Christ, Brennan, Hill and Rabin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. PETER O'NEAL WILLIAMS, Appellant.— In a *coram nobis* proceeding, defendant appeals from an order of the Supreme Court, Queens County, entered September 28, 1964, which denied without a hearing his application to vacate a judgment of the former County Court, Queens County, rendered July 15, 1959 after a jury trial, convicting him of robbery in the first degree, and imposing sentence. The judgment of conviction was previously affirmed by this court (19 A D 2d 696). Order reversed on the law and the facts, and application remitted to the Supreme Court, Queens County, for further proceedings in accordance herewith. Defendant's conviction was based in part upon his confession. At the trial the defendant had objected to the admission of the confession; the question of its voluntariness was one of the issues raised; and that issue, instead of being tried separately and preliminarily by the court, was submitted to the jury for its determination together with the other issues in the case. Such procedure has now been held to be in violation of the defendant's constitutional rights; he was entitled to a separate trial by the court alone of the issue as to the voluntariness of his confession (*Jackson* v. *Denno,* 378 U. S. 368; *People* v. *Huntley,* 15 N Y 2d 72). Hence, this *coram nobis* application must now be remitted to the court below for further proceedings in accordance with the procedure prescribed by this court in its decisions of December 21, 1964 (see, e.g., *People* v. *Davis,* 22 A D 2d 921), as modified by the Court of Appeals in its subsequent decision (*People* v. *Huntley, supra*), insofar as such procedure is here applicable. Ughetta, Acting P. J., Christ, Brennan, Hill and Rabin, JJ., concur.